```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ELISA WILSON

        Plaintiff,                      MEMORANDUM AND ORDER

   -against-                            Civil Action No.
                                        CV-06-639(DGT)
FAMILY DOLLAR STORES

        Defendant.

--------------------------------X
```

Trager, J:

By application dated May 15, 2006, plaintiff Elisa Wilson requests pro bono counsel in the above-captioned action. For the reasons discussed below, plaintiff's request is denied without prejudice.

There is no right to counsel in a civil case. <u>Martin-Trigona v. Lavien</u>, 737 F.2d 1254, 1260 (2d Cir. 1984). Although a person accused of a crime is guaranteed counsel under the Constitution, the term "appointment of counsel" is inaccurate when used in a civil case. The Court cannot compel any attorney to accept a civil case on a pro bono basis. <u>Mallard v. United States District Court</u>, 490 U.S. 296 (1989). However, pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel."

In making this type of request, the Court must first consider whether plaintiff's position is "likely to be of substance." <u>Ferrelli v. River Manor Health Care Center</u>, 323 F.3d

196, 204 (2d Cir. 2003). If the claim asserted meets this threshold requirement, the Court should then consider secondary criteria, including "plaintiff's ability to obtain representation independently, and [her] ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989).

Plaintiff's application does not establish the threshold requirement that her claim is "likely to be of substance" at this juncture.

## Conclusion

Therefore, plaintiff's request for pro bono counsel under 28 U.S.C. § 1915(e) is denied without prejudice.


Dated: Brooklyn, New York
       May 19, 2006

                                        SO ORDERED:


                                        _____/s/_____
                                        David G. Trager
                                        United States District Judge