UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------X
ELISA WILSON,

       Plaintiff,              <u>MEMORANDUM AND ORDER</u>

  -against-              Civil Action No.
                              06-CV-639 (DGT)
FAMILY DOLLAR STORES,

       Defendant.
----------------------------X


TRAGER, J.

     Plaintiff Elisa Wilson ("Wilson" or "plaintiff") brings this
action against defendant Family Dollar Stores of New York, Inc.
("Family Dollar" or "defendant"), improperly pled as Family
Dollar Stores, for discrimination in employment pursuant to Title
VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
2000e <u>et</u> <u>seq.</u> ("Title VII"), the Age Discrimination in Employment
Act of 1967, as amended 29 U.S.C. § 621 <u>et</u> <u>seq.</u> ("ADEA") and the
Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 <u>et</u>
<u>seq.</u> ("ADA").  In lieu of an answer, Family Dollar moved to
dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure.  For the foregoing reasons,
defendant's motion to dismiss is granted in part and denied in
part.

**Background**

On February 1, 2006, plaintiff filed a complaint, alleging the following causes of action: (1) Title VII race, color, gender and religious discrimination claims; (2) an ADEA age discrimination claim; and 3) an ADA disability claim. Plaintiff also alleges that defendant subjected her to a hostile work environment and retaliated against her for filing a complaint with the Family Dollar Human Resources Department.

Instead of filing an answer, on June 16, 2006, defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, arguing that: (1) plaintiff's race, color and religious discrimination claims are barred because she failed to exhaust her administrative remedies; (2) plaintiff's retaliation claim should be dismissed as it differs from the allegations set forth in her administrative charge; and (3) plaintiff's disability, age and gender discrimination claims are insufficient as a matter of law.

**(1)**

**Wilson's Employment at the Family Dollar Store**

Wilson, a 54-year old black female, was hired by an unidentified hiring manager of Family Dollar on August 21, 2004 to help set up a new store located at 884 East New York Avenue in Brooklyn, New York. <u>See</u> Compl. at 4. Wilson initially reported

to Mr. Marcus Thomas ("Thomas"), an employee from the North Carolina corporate office assigned to open the new Brooklyn store, and eventually to Mr. George Davis ("Davis"), the new store's manager.  See id.  Wilson claims that she informed both the hiring manager and Thomas of her purported disability, a spinal injury, to which Thomas said "he would work with [her]." Id.

Wilson's allegations of discriminatory treatment are primarily predicated on Davis's conduct.  See id.  Wilson first alleges that Davis embarrassed her in front of fellow Family Dollar employees.  See id.  Plaintiff references one particular incident where she was asked to break down boxes and place them in a dumpster outside, but found the dumpster to be full.  See id. at 4-5.  Upon the advice of other employees, Wilson left the boxes on the floor in a storage area.  See id. at 5.  Davis saw the boxes and asked who had left them in the storage area.  When Wilson responded that she was told to leave the boxes there, Davis "loud talk[ed] [her], calling [her] a liar, saying that he knew no one told her to leave boxes there when he said to take them out and put them in the large dumpster."  Id.  Wilson asserts that one of her co-workers informed Davis that another co-worker had advised Wilson to leave the boxes in the storage area, but Davis said he knew none of the other employees would say such a thing.  See id.  Wilson was upset about being called a

liar in front of her peers and asserts that she "didn't believe [Davis] needed to talk to [her] this way." <u>Id.</u>

Wilson reported Davis's conduct to Thomas immediately following the confrontation and threatened to quit, explaining that she was never told she would be responsible for unloading trucks and "u-boats" and that she felt Davis was harassing her. <u>See id.</u> at 5. Thomas asked her not to quit and assured her that he would monitor Davis's behavior. <u>See id.</u> at 5-6. When she rejoined the other employees that afternoon, Wilson claims that Davis maintained an "angry expression," making her "feel uncomfortable." <u>Id.</u> at 6.

Despite Thomas's assurances, Wilson still feared Davis would fire her once Thomas returned to North Carolina. <u>See id.</u> Thomas again assured her that her job was safe and told her to call the Family Dollar Human Resources Department should any problems arise after he left. <u>See id.</u>

On September 30, 2004, approximately one month after she was hired, Wilson verbally provided Davis with two-weeks notice of resignation in the presence of two assistant managers, Mr. Desmond ("Desmond") and Ms. Vickie. <u>See id.</u> Wilson claims that her resignation stemmed from her spinal injury, "the stress that was agitating it" and delayed payments for work already completed. <u>Id.</u> at 9.

On the morning of October 1, 2004, Wilson called Davis

before reporting to work, seeking the Human Resources' phone number to discuss her paycheck.[1] See id. Wilson alleges that Davis responded by shouting, "there's nothing wrong with your paycheck, I told you that back hours will be added to your next check." Id.

Shortly after arriving to work on the afternoon of October 1, 2004, Wilson claims that Davis terminated her employment at Family Dollar by shouting, "get off my clock, you are fired." See id. at 10. She reminded him that she had given her two-weeks notice and planned to complete the remaining term of her employment. Id. Wilson claims that when she attempted to clock-out in order to go home, Davis "slammed" her into a counter with his body and then pulled her by the arm, injuring her torso, hand and foot. Id.

**(2)**

**Wilson's Administrative Complaint**

On November 22, 2004, Wilson filed an administrative

---

[1] Wilson's statements regarding her access to Family Dollar's Human Resources phone number are inconsistent. First, Wilson avers that because she was required to return her "employee folder" shortly after receiving it on her first day at Family Dollar, she had no access to Family Dollar's Human Resources contact information or harassment policy. Id. at 6-7. Wilson then asserts that, although she requested this number in order to file a grievance on September 31, 2004 and October 1, 2004, Davis refused to share it with her, allegedly asserting that "employees [are not] allowed to have that number." Id. at 6. At another point, however, she states that she received the number from Desmond on September 30, 2004.

complaint with the New York State Division of Human Rights
("NYSDHR"), claiming discrimination by Family Dollar on the basis
of disability, sex, age and retaliation.  <u>See</u> Plaintiff's
Affidavit in Substitution of Opposition of Motion to Dismiss in
Lieu to Answer Incorrect Version Submitted in Error ("Wilson
Aff.") at 24.  On this date, the NYSDHR forwarded Wilson's
administrative complaint to the Equal Employment Opportunity
Commission ("EEOC") for dual-filing purposes.  <u>See</u> Defendant's
Memorandum of Law in Support of Motion to Dismiss In Lieu of
Answer ("Def.'s Mem."), Ex. A at 1.  In her administrative
complaint, Wilson alleges that the heavy lifting she performed at
Family Dollar exacerbated her spinal disability and that she
requested reasonable accommodations to no avail.  <u>See</u> <u>id.</u> at 23.
Moreover, Wilson claims that, on an unspecified date in August
2004, she complained to Family Dollar's Equal Employment
Opportunity office ("EEO" office)[2] that a "Mr. George"[3] had given
her heavier assignments and more duties specifically because she
was a 54-year-old female.  <u>See</u> <u>id.</u> at 24.  In addition, Wilson
avers that because of her complaint to Family Dollar's EEO
Office, "Mr. George" created a "hostile work environment by
giving [her] heavier assignments," causing her to resign.  <u>See</u>

_____

[2] Family Dollar's EEO Office is presumed to be the same as
their Human Resources Department.

[3] Mr. George is presumed to be Mr. George Davis.  <u>See</u> Wilson
Aff. at 24.

<u>id.</u>

On September 23, 2005, after investigating Wilson's charges, the NYSDHR rendered a determination and order, finding that there was no probable cause to believe that Family Dollar had been engaged in unlawful discriminatory practices.[4]  <u>See</u> Wilson Aff. at 35.  The EEOC adopted the NYSDHR findings and issued a right-to-sue letter on January 19, 2006.  <u>See</u> <u>Compl</u>. at 12. Thereafter, this action was filed.[5]

## Discussion

## (1)

### Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of the complaint is only appropriate where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Curto v. Edmundson</u>,

---

[4] NYSDHR's first Determination and Order was not included by either party in their respective papers.

[5] After filing the instant complaint, Wilson continued to pursue her administrative remedies.  Following Wilson's appeal, on March 29, 2006, the NYSDHR reopened plaintiff's complaint. <u>See</u> Wilson Aff. at 35.  On April 12, 2006, the NYSDHR dismissed the reopened matter for administrative convenience, in light of the fact that plaintiff was pursuing remedies in federal court. <u>See</u> <u>id.</u> at 37.

392 F.3d 502, 503 (2d Cir. 2004). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support her claims. Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

Pleadings prepared by pro se plaintiffs are held to less stringent standards than those prepared by lawyers. See Boddie v. Schneider, 105 F.3d 857, 860 (2d Cir. 1997). Courts will routinely look outside the four corners of the pro se complaint and consider assertions "contained in documents attached to the pleadings or in documents incorporated by reference." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Here, plaintiff has submitted an affidavit in opposition to the motion to dismiss, which elaborates on allegations in the complaint. Consideration of plaintiff's affidavit is consistent with the liberality afforded to pleadings of pro se plaintiffs, which should be interpreted "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This is particularly important where a pro se plaintiff has alleged civil rights violations. Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984).

Accordingly, many courts will consider the factual allegations contained in opposition papers by pro se plaintiffs when deciding whether to grant or deny a motion to dismiss. See Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering allegations in pro se plaintiff's affidavit submitted in opposition to motion to dismiss); Donahue v. United States Dep't of Justice, 751 F. Supp. 45, 49 (S.D.N.Y. 1990) ("The policy reasons for favoring liberal construction of pro se pleadings warrant the Court's consideration of the allegations contained in plaintiff's memorandum of law, at least where those allegations are consistent with the allegations in the complaint."). As such, the allegations made in plaintiff's opposition papers will be considered in deciding defendant's motion to dismiss. Additionally, Second Circuit courts have repeatedly held that when EEOC charges are expressly referred to in the pleadings, they may be considered incorporated by reference. See, e.g., Gregory, 243 F.3d at 691 (treating the plaintiff's allegations in the affidavit she submitted to the EEOC as an "integral part of her pleadings"). Therefore, although not attached to the district court complaint, plaintiff's NYSDHR complaint will be considered incorporated by reference.

**Title VII Claims**

**a. Plaintiff's Title VII race, color and religious discrimination claims**

Defendant has moved to dismiss plaintiff's race, color and religious discrimination claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's alleged failure to raise such claims in the administrative proceedings before the NYSDHR deprives the district court of jurisdiction to hear these claims. <u>See</u> Def.'s Mem. at 8.

**i. Exhaustion requirement and the reasonably related exception**

It is well-settled that a plaintiff cannot raise a Title VII discrimination claim without first exhausting administrative remedies. <u>See</u> <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 82-83 (2d Cir. 2001) (<u>citing</u> <u>Francis v. City of New York</u>, 235 F.3d 763, 768 (2d Cir. 2000). The exhaustion of administrative remedies is "an essential element of Title VII's statutory scheme," <u>Butts v. City of New York Dep't of Hous. Pres. & Dev.</u>, 990 F.2d 1397, 1401 (2d Cir. 1993), and is designed "to give the administrative agency the opportunity to investigate, mediate, and take remedial action." <u>Stewart v. United States Immigration & Naturalization Serv.</u>, 762 F.2d 193, 198 (2d Cir. 1985).

Pursuant to the exhaustion requirement, a district court only has jurisdiction over Title VII claims that are either included in an EEOC charge or are "reasonably related" to the discrimination alleged in the EEOC charge.[6] See Butts, 990 F.2d at 1401. A claim is considered "reasonably related" if "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made."[7] Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001). This inquiry should focus "on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003). The "reasonably related" exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by

---

[6] Although the Second Circuit in Butts stated that a district court may only hear claims "included in an EEOC charge or based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge," Butts, 990 F.2d at 1401 (emphasis added), the Second Circuit later clarified in Francis v. City of New York that the "benefit of the Butts 'reasonably related' test is not limited to plaintiffs alleging post-charge conduct." Francis, 235 F.3d at 766.

[7] In addition, there are two other types of claims that are considered "reasonably related" to a claim with the EEOC. The second exception permits a claim "alleging retaliation by an employer against an employee for filing an EEOC charge" and the third permits a claim where the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Butts, 990 F.2d at 1402-03.

11

employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'"  Id. at 201 (quoting Butts, 990 F.2d at 1402).  However, while the Butts exception allows for "loose pleading," it does not encompass claims based on an entirely different type of discrimination from what was alleged in the initial EEOC charge.  Ige v. Command Sec. Corp., No. 99-CV-6916, 2002 WL 720944, at *6 (E.D.N.Y. Mar. 12, 2002).


### ii. Exhaustion analysis

Plaintiff's administrative complaint alleged discrimination on the basis of disability, age and gender.  However, in her form district court complaint, Wilson checks boxes indicating race, gender, color and religious[8] discrimination and further alleges that only black women were required to unload "U-Boats and 52ft Tractor Trailers" whereas women of other races were driving these cargo trucks, Compl. at 7, and that "most" of the black women she worked with complained to Thomas about "being treated like second class citizens."  Id. at 8.  Although her district court complaint clearly alleges discrimination based on race, as well as color, gender and religion, in her administrative complaint,

_____

[8] Although Wilson did not check the box corresponding to religious discrimination, because she has written "Christian" on the line immediately following "religion" discrimination, it is reasonable to infer that she also alleges religious discrimination.

Wilson only alleged discrimination based on disability, age and gender; she did not refer to racial, color or religious discrimination or check the corresponding boxes. Accordingly, plaintiff's race, color and religious discrimination claims will be dismissed for failure to exhaust unless Wilson can show they are "reasonably related" to the disability, age and gender discrimination described in the EEOC complaint. See Daigle v. West, 225 F. Supp. 2d 236, 243 (N.D.N.Y. 2002) ("because failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust.") (citing McBride v. Citgo Petroleum Corp., 281 F.3d 1099, 1107 (10th Cir. 2002)).

The race, color and religious discrimination claims in Wilson's district court complaint are not reasonably related to the disability, age and gender claims in the EEOC complaint. In fact, plaintiff makes no reference whatsoever to her race, color or religion in the administrative filing. The NYSDHR charge expressly states that plaintiff was "given heavier assignments because she is a 54 year old female" with a disability, which she complained "exacerbated" her "disability." See Wilson Aff. at 23-24. The charge also alleges that she "requested reasonable accommodations in terms of lighter [assignments] but to no avail" and that she faced "a hostile work environment" because of her

internal complaint to Family Dollar's EEO office.  Id. at 23.

Furthermore, in the portion of the EEOC form which lists the

"Basis for Discrimination," only "disability," "opposed

discrimination/retaliation," "sex" and "age" are listed.

Courts in the Second Circuit have generally held that

"claims alleging discrimination based upon a protected

classification which are different than the protected

classification asserted in administrative filings are not

reasonably related."  Culbertson v. Charosa Found. Corp., No. 03-

CV-3742, 2004 WL 2370686, at *3 (E.D.N.Y. Oct. 18, 2004).

Specifically, various courts in this circuit have recognized that

neither race nor religious discrimination charges are "reasonably

related" to an EEOC complaint formally alleging only gender

discrimination.  See Muhammad v. New York City Transit Auth., 450

F. Supp. 2d 198, 206 (E.D.N.Y. 2006) (holding plaintiff's race

discrimination claim under Title VII not "reasonably related" to

the gender and religious discrimination claims raised in the EEOC

charge); Culbertson, 2004 WL 2370686, *3 (holding claims of age,

racial and religious discrimination not "reasonably related" to a

claim of gender discrimination alleged in the administrative

complaint); O'Neal v. State Univ. of New York, No. 01-CV-7802,

2003 WL 1524664, at *3 (E.D.N.Y. Mar. 24, 2003) (holding Title

VII race discrimination claim not "reasonably related" to the

gender discrimination claim raised in the administrative

complaint); <u>Grillo v. New York City Transit Auth.</u>, 122 F. Supp.
2d 385, 391 (E.D.N.Y. 2000) ("gender discrimination claims are
not 'reasonably related' to discrimination claims based on race
or national religion"), <u>aff'd</u> 291 F.3d 231 (2d Cir. 2002).

Moreover, courts have also typically found that charges of
race, color and religious discrimination are not "reasonably
related" to claims of disability and age discrimination.  <u>See</u>
<u>James v. Federal Reserve Bank of New York</u>, No. 01-CV-1106, 2005
WL 1889859, at *5 (E.D.N.Y. Aug. 8, 2005) (holding that
plaintiff's race discrimination claim was not "reasonably
related" to the disability, age and gender discrimination charges
she raised before the EEOC); <u>McNealy v. New York Public Library</u>,
No. 96-CV-3023, 1997 WL 607548, at *4 (S.D.N.Y. Oct. 1, 1997)
(holding that ADA disability discrimination claim was not
"reasonably related" to race discrimination claim raised in EEOC
charge); <u>Sank v. City Univ. of New York</u>, No. 94-CV-0253, 1995 WL
314696, at *4 (S.D.N.Y. May 25, 1995) (holding that
discrimination claims based on religion, age and disability were
to be dismissed because they were not sufficiently related to
race, gender and retaliation discrimination claims alleged in the
EEOC charge).

Significantly, not only does plaintiff make no mention of
race, color or religious discrimination in her administrative
complaint, there is nothing in the record that suggests that the

EEOC could reasonably have been expected to investigate claims of race, color and religious discrimination based on her administrative complaint, which consisted only of allegations of age, disability and gender discrimination. Accordingly, plaintiff's race, color and religious discrimination claims do not qualify for the exception to the exhaustion requirement that permits claims "reasonably related" to those contained in an administrative charge to be raised for the first time at the district court level. <u>Butts</u>, 990 F.2d at 1401. Therefore, plaintiff's allegations of race, color and religious discrimination are dismissed.

**b. Plaintiff's Title VII retaliation claim**

Defendant next argues that plaintiff's retaliation claim should be dismissed because it differs from the allegations set forth in the EEOC charge. Specifically, defendant avers that because plaintiff raised various incidents of retaliation in her district court complaint that were absent in her administrative charge, she cannot use them as a basis for her Title VII retaliation claim. <u>See</u> Def.'s Mem. at 9. Defendant alleges that, without those allegations, plaintiff has failed to set forth a claim of retaliation, and, therefore, it must be dismissed. <u>Id.</u>

Title VII provides a separate cause of action for an

employee who is retaliated against by an employer for having filed a discrimination charge. See 42 U.S.C. § 2000e-3(a). As noted above, "a district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." Butts, 990 F.2d at 1401. Wilson's EEOC complaint alleged that, as a result of her internal complaint to Family Dollar's EEO office, "Mr. [Davis] created a hostile work environment by giving me heavier assignments which [led] to my constructive discharge" and that she had "been subject to unlawful discriminatory actions." Wilson Aff. at 23-24. Plaintiff's federal complaint alleges that, in response to her internal complaint to Family Dollar's EEO office, she was spoken to loudly, called a liar for failing to follow instructions and was denied the appropriate phone number to file a grievance. See Compl. at 8-10. Additionally, plaintiff contends that favoritism was displayed towards certain employees and that her paycheck was delayed and contained the wrong number of hours. Id. Finally, plaintiff alleges that Davis "slammed her into the cashier counter" after she decided to leave work on October 1, 2004. Id. at 10. Each of these retaliation claims were raised for the first time in plaintiff's district court complaint.

Defendant correctly points out that plaintiff's retaliation

claims differ from those which she raised at the administrative level. However, as stated above, the Second Circuit has recognized that claims not raised in an EEOC complaint may be pursued in a subsequent federal court action if they are "reasonably related" to those that were filed with the administrative agency. Fitzgerald, 251 F.3d at 359. Of the three types of "reasonably related" claims that may be raised for the first time in a district court complaint, only the first applies to the instant matter.[9] See supra note 7. In this situation, "reasonably related" means that "despite the claimant's having failed to specify the precise charge, the EEOC likely would have investigated the conduct complained of anyway." Pemrick v. Stracher, 67 F. Supp. 2d 149, 170 (E.D.N.Y. 1999) (citing Butts, 990 F.2d at 1402). Specifically, a complaint of retaliation "could reasonably be expected to inquire into other instances of alleged [retaliation] by the same actor." Rose v. New York City Bd. Of Educ., 257 F.3d 156, 163 (2d Cir. 2001).

_____

[9] The other two circumstances are inapplicable because (1) as Wilson had filed her complaint with the NYSDHR after she had already been terminated, the conduct complained of in the charges did not arise subsequent to the filing of the charges and, therefore, the retaliatory actions alleged by Wilson could not have occurred in response to the administrative filing, see, e.g., Francis, 62 F. Supp. 2d at 960 (holding the second type of 'reasonably related' claim only applies to retaliation claims that are asserted after the employee files the administrative charge); and (2) the federal charges fail to allege any further incidents of discrimination carried out in precisely the same manner alleged in the NYSDHR charges.

In light of the "loose pleading" standard permitted before the EEOC, plaintiff's allegations of retaliation in her EEOC charge suffice to articulate the basis for the claim upon which she seeks redress. See Deravin, 335 F.3d at 202. In the EEOC complaint, Wilson claimed that, in retaliation for filing an internal complaint to Defendant's EEO Office, Mr. Davis created a hostile work environment by giving her heavier assignments, leading to her resignation. Wilson Aff. at 24. An investigation into this claim of retaliation explicitly cited in the charge could reasonably be expected to yield evidence of other possible acts of retaliation that occurred around the same time. See Rose, 257 F.3d at 156. See also Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 177-78 (2d Cir. 2005) (holding that, upon a complaint of retaliation, the EEOC could reasonably be expected to inquire into other instances of alleged retaliation by the same actor). As Wilson has filed an administrative complaint alleging retaliation, she should not have her federal retaliation claims dismissed merely because she filed a charge that did not include every instance of retaliatory conduct.

Furthermore, the "new" allegations defendant points to in their motion to dismiss, namely plaintiff's charges of favoritism, being called a liar, tardy payments and physical assault, do not amount to new claims that should have been asserted in the civil complaint; they are simply additional factual allegations supporting plaintiff's underlying retaliation

claim.  Most of these allegations are reasonably related to the claim asserted in plaintiff's NYSDHR complaint, since they involve similar conduct, which occurred during the same time period, and in the same relatively small workplace as those alleged in her NYSDHR complaint.  These "new" allegations simply amplify the retaliation allegation of the administrative complaint and are not barred.  See Jute, 420 F.3d 166, 177-78 (plaintiff's claim of retaliatory refusal to list plaintiff for potential hire by related company was reasonably related to other assertions of retaliatory conduct by employer which occurred around same time detailed in the EEOC complaint); Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989) (stating that "[j]udicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate" but that "[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate").  Accordingly, defendant's motion to dismiss plaintiff's retaliation claim is denied.

**c. Plaintiff's Title VII gender discrimination claim**

Defendant seeks to dismiss plaintiff's gender claim on the grounds that she has failed to allege any facts from which an inference of discrimination by Family Dollar may be inferred. See Def.'s Mem. at 10.

In her administrative complaint, Wilson states, "I believe

20

that Mr. [Davis] has given me heavier assignments and more duties because I am a 54 year old female." Wilson Aff. at 24. Wilson checked the box asserting gender discrimination in her district court complaint, but failed to make any reference to gender discrimination in her description of the facts of her case. Although her complaint is completely devoid of any reference to gender discrimination, in her supporting affidavit, plaintiff asserts that during her employment with Family Dollar, defendant was "[d]isplaying aggression toward females, initiating altercations, disrespecting [her] in front of respectable young girls, harass[ing] [her] into quitting by the tone of voice used [that] he didn't use with men." Wilson Aff. at 58.

In order to withstand this motion to dismiss, plaintiff "need not plead a prima facie case" of retaliation. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 515 (2002); see also Leibowitz v. Cornell University, 445 F.3d 586, 591-92 (2d Cir. 2006). In Swierkiewicz, the Court held that at the pleading stage in an employment discrimination action, a plaintiff must only meet the standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz, 534 U.S. at 510 (quoting Rule 8(a)(2) of the Federal Rules of Civil Procedure); see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). Accordingly, a complaint alleging employment

discrimination is sufficient to withstand a motion to dismiss if it gives "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz, 534 U.S. at 512 (quoting Conley, 355 U.S. at 47).

As the Supreme Court's decision in Swierkiewicz indicates, at this stage, the proper inquiry is not whether the plaintiff has adduced sufficient evidence to prevail ultimately at trial, but rather whether she is entitled to offer evidence to support her claims. See id. at 511, 515 ("[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.").

Plaintiff's allegation of gender discrimination under Title VII satisfies the Swierkiewicz pleading requirements. Although relatively unspecific, plaintiff's pleading indicates sufficient gender bias or preferential treatment of men in similar circumstances that could lead a reasonable trier of fact to conclude that the defendant's actions leading to plaintiff's resignation gives rise to an inference of discrimination based on her gender. See, e.g., Coffey v. Cushman & Wakefield, Inc., No. 01-CV-9447, 2002 WL 1610913, at *2-3 (S.D.N.Y. July 22, 2002) (refusing to dismiss claims of disparate treatment because pleaded facts alleged unequal treatment of female employee as compared to her male colleagues).

In light of the Supreme Court's holding in Swierkiewicz, plaintiff's allegation of gender discrimination gives the

defendant notice of what her claim is and the grounds upon which it rests. Accordingly, plaintiff's claim against Family Dollar is sufficient under Rule 8(a) of the Federal Rules of Civil Procedure to state a claim for gender discrimination and, thus, withstands Family Dollar's Rule 12(b)(6) motion.

### (3)

### Plaintiff's ADEA Age Discrimination Claim

Family Dollar seeks to dismiss Wilson's age discrimination claim on the grounds that she has failed to allege any facts from which an inference of discrimination can be inferred.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Wilson's administrative charge contained an explicit allegation of age discrimination, namely that she "believes that Mr. Davis has given [her] heavier assignments and more duties because [she] is a 54 year old female." Wilson Aff. at 24. In keeping with the doctrine that a pro se plaintiff should be "afforded every reasonable opportunity to demonstrate that [she] has a valid claim," it is clear that Wilson's administrative complaint put the EEOC on notice of her age discrimination claim. Satchell, 745 F.2d at 785. In her civil complaint, Wilson contends that she was discriminated against

because of her age while employed by Family Dollar by checking the box correlating to Age Discrimination on the form complaint. However, she does not raise any incidents of age discrimination in her description of the facts of her case.

As stated above, in order to overcome a motion dismiss, plaintiff need only meet the standard set forth in <u>Swierkiewicz</u>, namely, that she plead "a short and plain statement of the claim showing that she is entitled to relief." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, this is not to say that no motion to dismiss pursuant to Rule 12(b)(6) can be granted in an employment discrimination case after <u>Swierkiewicz</u>.  In the instant action, plaintiff has failed to raise any semblance of age discrimination.  Outside of checking the box claiming discrimination under the ADEA on her form complaint, plaintiff fails to even allege her age, let alone any discrimination incurred because of her age.  Moreover, in her supporting affidavit, plaintiff simply asserts that "age discrimination began after employment," but nothing further.  Wilson Aff. at 46. Plaintiff has done nothing more than simply state that she was discriminated against based on her age and has failed to state any of the events or incidents that she believes form the basis of her age discrimination claim.

Even in light of the liberal pleading standard allotted to <u>pro</u> <u>se</u> plaintiffs, "bald assertions and conclusions of law" are not adequate, <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir.

2000), and "a complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." <u>Yusuf v. Vassar College</u>, 35 F.3d 709, 713 (2d Cir. 1994) (holding that in order to survive a motion to dismiss, plaintiff alleging racial or gender discrimination must do more than recite conclusory assertions but, rather, plaintiff must "specifically allege events claimed to constitute intentional discrimination as well as circumstances giving rise to plausible inference of racially discriminatory intent.") (<u>citing</u> <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 17 (1st Cir. 1989)).

Thus, because plaintiff's complaint contains nothing more than conclusory allegations of age discrimination, she has failed to state a claim for this alleged violation of the ADEA. Accordingly, this claim must be dismissed. <u>See</u> <u>Dugan v. Martin Marietta Aerospace</u>, 760 F.2d 397, 399 (2d Cir. 1985) (affirming dismissal of ADEA claim because, "[w]hile a claim made under ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons plaintiff believes age discrimination has been practiced").

**(4)**

**Plaintiff's ADA Disability Discrimination Claim**

Family Dollar seeks to dismiss Wilson's disability claims for failure to establish that she was protected by the ADA at the

25

time of her alleged resignation.  Specifically, defendant alleges
that plaintiff has not pled the extent of her alleged injury,
that it affects a major life activity, that she request
accommodation or that she was unable to perform the essential
functions of her job.  See Def.'s Mem. at 9-10.

The ADA provides that no covered entity "shall discriminate
against a qualified individual with a disability because of the
disability of such individual in regard to job application
procedures, the hiring, advancement, or discharge of employees,
employee compensation, job training and other terms, conditions
and privileges of employees."  42 U.S.C. § 12112(a).   In a
complaint alleging discrimination, a plaintiff must give "'fair
notice of what the plaintiff's claim is and the grounds upon
which it rests.'"  Swierkiewicz, 534 U.S. at 512 (quoting Conley,
355 U.S. at 47).  See also Sanzo v. Uniondale Union Free School
District, 225 F. Supp. 2d 266, 269 (E.D.N.Y. 2002) (applying
holding of Swierkiewicz to an ADA claim).  Therefore, as
previously stated, no heightened pleading standard applies to
civil cases alleging discrimination; a plaintiff need not allege
all the necessary elements of a prima facie case in order to
survive a motion to dismiss.  Instead, to survive a Rule 12(b)(6)
motion to dismiss under this standard, a pro se litigant need
only provide a short and plain statement of the claims that is
sufficient to put the defendant on notice.  See Phillips v.
Girdich, 408 F.3d 124, 127 (2d Cir. 2005)(citing Swierkiewicz and

Fed. R. Civ. P. 8(a)(2)).

Importantly, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz, 534 U.S. at 511 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Whether plaintiff can ultimately prove that she is disabled within the meaning of the ADA is an issue that is best left for summary judgment. See id. at 512 ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").

Contrary to defendant's allegations, plaintiff has alleged that Family Dollar failed to accommodate her disability. Plaintiff's form complaint indicates that defendant discriminated against her based on her disability, adding that "[w]hen I reported to Mr. Marcus Thomas... again I told him about my disability and he said he would work with me." Compl. at 4. Additionally, the complaint states that plaintiff resigned, in part, because of her "spinal injury and the stress that was agitating it," presumably from "loading and unloading u-boats [and] tractor trailers." Id. at 7, 9. Furthermore, in her supporting affidavit, plaintiff asserts, "[b]y reporting the stress on my spine and Mr. Davis refusing accommodation to relieve the pain, he retaliated with constant harassments, threatening my job, giving me more stress assignments... giving

27

me no choice by to put my health first and resign."  Wilson Aff. at 46.

Case law has made clear that ADA plaintiffs are not required to plead facts constituting a prima facie case of discrimination in order to survive a motion to dismiss; the complaint need only provide a short and plain statement of the claims and grounds on which they rest.  See Sanzo,  225 F. Supp. 2d at 269. Additionally, defendants have failed to even acknowledge the lowered pleading standard required to overcome a motion to dismiss established in the Supreme Court's Swierkiewicz decision. While her pleading leaves much to be desired in terms of the clarity of the ADA claim, plaintiff has articulated a claim under the ADA pursuant to the pleading standard set forth in Swierkiewicz.  See, e.g., Lewis v. Regional Transit Service, 424 F. Supp. 2d 613, 615 (W.D.N.Y. 2006) (holding that "[a]lthough inartfully drafted," complaint sufficiently states a claim for disability discrimination under the ADA); Dutton v. Swissport USA, Inc., No. 04-CV-3417, 2005 WL 1593969, at *2-3 (E.D.N.Y. July 1, 2005)(concluding that while the pleading inarticulately described the ADA claim, the Court concluded that "this pro se litigant has offered enough to warrant some measured discovery"). Accordingly, defendant's motion to dismiss plaintiff's ADA claim is denied.

**Conclusion**

For the reasons stated above, Family Dollar's motion to dismiss Wilson's race, color and religious discrimination claims for failure to exhaust administrative remedies and motion to dismiss Wilson's age discrimination claim for failure to state a claim are granted.  Family Dollar's motion to dismiss plaintiff's retaliation, gender and disability discrimination claims is denied.

Dated:    Brooklyn, New York
          March 29, 2007


                              SO ORDERED:




                              _____/s/_____
                              David G. Trager
                              United States District Judge